IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02637-BNB

PAUL A. MITCHELL, M.D.,

Plaintiff,

v.

CHERYL HARA, and
COLORADO BOARD OF MEDICAL EXAMINERS,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 4 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Paul A. Mitchell currently resides in Ocoee, Florida. On January 9, 2008, Mr. Mitchell filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. In the Complaint, he asserts that Defendants violated his constitutional rights when they suspended his medical license in the State of Colorado.

The Court must construe the Complaint liberally because Mr. Mitchell is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Mitchell sets forth three claims. He seeks declaratory and injunctive relief and money damages. In Claim One, he asserts that he was denied procedural due process when Defendants failed to provide him with notice and an opportunity to be heard prior to his medical license being suspended. In Claim Two, Plaintiff asserts that

his substantive due process rights were violated because Defendant Cheryl Hara knew of the grievous and irreparable consequences he would suffer due to the suspension of his license. In Claim Three, Mr. Mitchell asserts libel and slander claims due to the suspension of his medical license.

Pursuant to *Horwitz v. State Board of Medical Examiners of the State of Colorado*, 822 F.2d 1508 (10th Cir. 1987), Defendant Cheryl Hara is entitled to absolute immunity. Furthermore, with respect to Defendant Colorado Board of Medical Examiners, the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies even to suits against the state and its agencies that seek declaratory and injunctive relief. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for

2

alleged violations of federal law and asserts claims against individual state officers. ***Verizon Maryland v. Public Service Commission of Maryland***, 535 U.S. 635, 645 (2002) (quoting ***Idaho v. Coeur d'Alene Tribe of Idaho***, 521 U.S. 261, 296 (1997)); ***Hill v. Kemp***, 478 F.3d 1236 (10th Cir. 2007). Here, Plaintiff's request does not fall into the category as intended by ***Verizon*** and described in ***Hill*** as being exempt from Eleventh Amendment immunity. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice.

DATED at Denver, Colorado, this 3 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-2637-BNB

Dr. Paul A. Mitchell, M.D.
2322 Blackjack Oak Street
Ocoee, FL 34761

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/4/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk